## STATE *versus* MAGRATH.

In a recognizance, taken by a justice of the peace, for the prosecution of an appeal to the District Court, in a criminal prosecution, it is necessary that his jurisdiction should appear in the proceedings.

That jurisdiction does not appear, if the recognizance fails to show, in what county the supposed offence was committed.

WRIT OF SCIRE FACIAS, on a recognizance, entered into before a justice of the peace. The condition was in substance, that whereas the said Magrath had been convicted and sentenced by the justice for the crime of selling certain liquors, contrary to law, and had appealed to the District Court, now if he shall " personally appear at the court aforesaid and prosecute his appeal," &c.

The recognizance did not state in what county, city or town, the supposed offence of unlawfully selling liquors was alleged to have been committed.

Oyer of the recognizance and of its condition having been had, the defendant demurred to the writ, and set forth several causes of demurrer ; and, among others, that it did not appear that the justice had any jurisdiction to demand and receive the recognizance. There was a joinder in demurrer.

*Paine*, for the defendant.

*Vose*, County Attorney, contra.

WELLS, J. — It is necessary that the jurisdiction of justices of the peace should appear in their proceedings, in order to sustain them.

By statute ch. 205, § 6, forfeitures or penalties, arising under that Act, may be recovered before any justice of the peace, &c. in the county where the offence was committed. A justice would have no authority to take a recognizance for prose-

cuting an appeal from his judgment, unless the offence alleged was committed within his connty. The want of jurisdiction would render his proceedings void.

The condition of the recognizance, upon which the action is founded, and which is exhibited by the pleadings, does not state in what town or county the offence was committed. It does not appear that a justice of the peace for the county of Kennebec was authorized to take the recognizance. It must therefore be held void. This conclusion is sustained by *Libby* v. *Main & al.* 2 Fairf. 344, and by the cases cited. Nor is such recognizance made valid by statute ch. 171, § 30. For the authority of the magistrate cannot be ascertained from the description of the offence charged.

*Judgment for defendant.*